IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :    CRIMINAL ACTION
                         :    No. 97-0026
      v.                :
                         :
EDWARD RIVERA              :
                         :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                MARCH 3, 2008

      Edward Rivera is serving a 156-month term of imprisonment for offenses involving the possession and distribution of crack cocaine.  He now seeks the reduction of his sentence to reflect Amendment 706 to the United States Sentencing Guidelines, which altered § 2D1.1 of the Guidelines to reduce the Guideline sentencing ranges applicable to crack cocaine offenses. Because Rivera was sentenced as a career offender with a Guidelines range that is unaffected by Amendment 706, his motion will be denied.

I.    BACKGROUND

     A.    <u>Rivera's Sentence</u>

      In 1997, Edward Rivera was sentenced for three offenses:  distribution of cocaine base, in violation of 21

-1-

U.S.C. § 841(a)(1); possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).  Pursuant to U.S.S.G. § 4B1.1, Rivera was found to be a career offender.  Because the statutory maximum for Rivera's offenses was life imprisonment, Rivera's offense level under § 4B1.1(b) was 37.  Rivera received a 3-level reduction for acceptance of responsibility, making his total offense level 34. His criminal history category was VI.

   The Guideline range for an offense level of 34 and a criminal history category of VI is 262 to 327 months of imprisonment.  Rivera received a sentence at the low end of this range: 262 months of imprisonment, followed by 8 years of supervised release.

   Approximately one year after Rivera's original sentencing, the Government filed a motion for a reduction of his sentence pursuant to Federal Rule of Criminal Procedure 35(b). The motion was granted and Rivera's offense level was reduced from 34 to 28.  Rivera's sentence was adjusted downward from 262 months to 156 months.

   B.   Changes to the Sentencing Guidelines

   On November 1, 2007, the United States Sentencing Commission adopted Amendment 706 to the Sentencing Guidelines to

-2-

address what the Commission had come to view as unwarranted disparities in the sentences of defendants who possess or distribute various forms of cocaine.  Prior to November 1, 2007, the Guidelines provided for a 100-to-1 ratio in sentences for crimes involving cocaine powder compared to those involving crack cocaine.[1]  For example, § 2D1.1 of the Guidelines provided the same base offense level for a crime involving 150 kilograms or more of cocaine powder and for one involving 1.5 or more kilograms of crack cocaine.  U.S.S.G. § 2D1.1(c)(1) (2006)

Under the November 1, 2007 amendment, the ratio between powder and crack sentences has been decreased.  For example, 150 kilograms of cocaine powder is now treated as the equivalent of 4.5 kilograms of crack.  U.S.S.G. § 2D1.1(c)(1) (2007).  The bottom line for individual defendants is that a defendant sentenced under § 2D1.1 for a crack offense after November 1, 2007 receives a base offense level that is two levels lower than what he would have received for the identical offense if he had been sentenced before the November 1, 2007 amendment.  2 Federal Sentencing Guidelines Manual, Appendix C, Amendment 706 ("Appendix C"), at 1160.

---

[1]     This ratio was derived from the 100-to-1 ratio created by Congress in its statutory mandate of minimum sentences for cocaine offenses.  See Anti-Drug Abuse Act of 1986, 21 U.S.C. § 841(b)(1) (requiring a five-year mandatory minimum penalty for a first-time trafficking offense involving 5 grams or more of crack cocaine, or 500 grams of powder cocaine).

The Commission also altered the calculation of base offense levels for offenses involving crack cocaine and other controlled substances to reduce the impact of a crack cocaine conviction.  Id. at 1157.  The base offense level for these offenses is determined by converting the amount of each substance into a comparable amount of marijuana and then determining the base offense level for that amount of marijuana.  U.S.S.G. § 2D1.1, comment 10(B), (C).  Amendment 706 provides that a given amount of crack cocaine translates into a lesser quantity of marijuana than it did under the old Guidelines.  Appendix C at 1157-58; compare U.S.S.G. § 2D1.1 (2007), with U.S.S.G. § 2D1.1 (2006).  Thus, post-amendment Guidelines ranges for crimes involving cocaine base and other controlled substances are also lower than ranges for the same crimes pre-amendment.

The Commission based Amendment 706 on "its analysis of key sentencing data about cocaine offenses and offenders; [a] review[] [of] recent scientific literature regarding cocaine use, effects, dependency, prenatal effects, and prevalence; research[] [on] trends in cocaine trafficking patterns, price, and use; [a] survey[] [of] the state laws regarding cocaine penalties; and [the Commission's] monitor[ing] [of] case law developments."  Amendment 706, at 1159-60.  This information led to the conclusion that "the 100-to-1 drug quantity ratio significantly undermines various congressional objectives set forth in the

-4-

Sentencing Reform Act and elsewhere." Id. at 1160.  The
Commission "predicts that, assuming no change in the existing
statutory mandatory minimum penalties, this modification to the
Drug Quantity Table will affect 69.7 percent of crack cocaine
offenses sentenced under § 2D1.1 and will result in a reduction
in the estimated average sentence of all crack cocaine offenses
from 121 months to 106 months." Id. at 1160-61.


II.  MOTION FOR RESENTENCING

        Rivera moves, pursuant to 18 U.S.C. § 3582, for a
reduction of his sentence because of recent changes to the
Sentencing Guidelines in the treatment of offenses involving
crack cocaine.


    A.   18 U.S.C. § 3582

        Section 3582 provides that "in the case of a defendant
who has been sentenced to a term of imprisonment based on a
sentencing range that has subsequently been lowered by the
Sentencing Commission . . . the court may reduce the term of
imprisonment . . . if such a reduction is consistent with
applicable policy statements issued by the Sentencing
Commission."  18 U.S.C. § 3582(c)(2).
        Rivera's motion must be denied because this Court lacks
the authority under § 3582 to reduce Rivera's sentence.  Section

-5-

3582(c)(2) provides the authority to reduce a sentence only if
"such a reduction is consistent with applicable policy statements
issued by the Sentencing Commission" and the applicable policy
statement, § 1B.10(a), provides that if "the guideline range
applicable to th[e] defendant has been . . . lowered as a result
of an amendment to the Guidelines Manual listed in subsection c
below, a reduction in the defendant's term of imprisonment is
authorized under 18 U.S.C. § 3582(c)(2)."  U.S.S.G. § 1B.10(a).
Thus, "a reduction under § 3582(c)(2) is not authorized unless an
amendment reducing the applicable guidelines range is among those
listed in § 1B.10(c) [of the Sentencing Guidelines]."  United
States v. Wise, -- F.3d --, 2008 WL 361089 (3d Cir. Feb. 12,
2003).


        B.   Rivera's Status as Career Offender

        Rivera is not eligible for a reduction under Amendment
706 because the Guidelines range applicable to him remains
unchanged.  Because he was sentenced as a career offender, the
Guidelines range applicable to Rivera was that prescribed by
U.S.S.G. § 4B1.  Rivera's status as a career offender was
determined based on the requirements of § 4B1: Rivera was the
requisite age at the time of the offense (18 years old); the
offense for which he was being sentenced was a felony and a
controlled substance offense; and Rivera's record included at

-6-

least two prior felonies that were controlled substance offenses. U.S.S.G. § 4B1.1(a). Amendment 706 has no effect on Rivera's status as a career offender; Rivera meets the definition of career offender regardless of the revisions to U.S.S.G. § 2D1.1.

Similarly, because Amendment 706 does not change Rivera's career offender status, it does not change the sentencing range applicable to him. As a career offender, the base offense level of Rivera's crime was determined based on the statutory maximum for his offenses. U.S.S.G. § 4B1.1. Rivera's offenses carried a statutory maximum of life imprisonment so the offense level was 37. § 4B1.1(b)(A). Rivera's criminal history category was VI. § 4B1.1(b). Rivera received a three-level reduction for acceptance of responsibility, making his total offense level 34. The Sentencing Table provides that the sentencing range for offense level 34 and criminal history category VI is 262-327 months imprisonment. § 5A. None of the provisions relevant to calculating Rivera's sentence were affected by Amendment 706.

Rivera argues that, although he was sentenced as a career offender, the guideline range prescribed by § 2D1.1 was relevant to his sentence and that Amendment 706 therefore triggers authority to reduce the sentence under § 3582. He asserts that, when sentencing a career offender, a court compares the § 4B1.1 career offender sentence with a non-career offender

sentence under § 2D1.1.  According to Rivera, this comparison may bear on the judge's choice of what sentence from within the Guideline range to order.  Rivera asserts that, because the comparison between career and non-career offender sentences has been affected by Amendment 706, he is entitled to a resentencing.

Rivera's argument inaccurately summarizes the sentencing process.  Under the Guidelines, a court determines whether a defendant is a career offender and, if he is, calculates the sentence under § 4B1.1.  The court may rely on the sentencing range prescribed for a defendant of a different criminal history category (in other words, the § 2D1.1 sentencing range), but only if the court determines that the criminal history category "substantially over-represents the seriousness of defendant's criminal history or the likelihood that the defendant will commit other crimes."  § 4A1.3(b)(1).  If the court concludes that the criminal history category accurately represents the defendant's characteristics, it never reaches the comparison between defendant's sentence under § 4B1.1 and the sentence that would apply if another criminal history category were used.

When Rivera was sentenced, the Court declined to grant a downward departure in criminal history category.  In other words, the Court concluded that category VI and the career offender provision accurately represented Rivera's

-8-

characteristics.  Therefore, the Court calculated a sentencing
range based on § 4B1.1.  The sentencing range under § 2D1.1 never
became relevant because no downward departure was granted.[2]


    C.   United States v. Booker Does Not Provide
       the Authority to Resentence Rivera

Rivera relies on the holding of United States v.
Booker, 543 U.S. 220 (2005), to argue that this Court has
authority to revisit his sentence based solely on the
Commission's vote to make Amendment 706 retroactive: the Court
need not consider any policy statements limiting the effect of
706 to offenders who were sentenced under § 2D1.1.[3]  Because of
Booker's holding that the guidelines are advisory, Rivera argues
that the Court must ignore limitations on the retroactive effect
of Amendment 706 where, as in his case, the limitations would
"frustrate the sentencing goals of § 3553(a)."  Mem. in Support

---

[2]   Even if the Court had considered what Rivera's sentence
would have been under § 2D1.1, it is unclear that a reduction
would be authorized by § 3582.  The statute provides authority
for a reduction based on "an amendment reducing the applicable
guidelines range."  It is not obvious that authority is provided
by an amendment changing a guidelines range that is not
applicable to the defendant but is considered for comparison
purposes.

[3]   Rivera also argued that the Court had the authority to
grant his motion, which was filed on January 31, 2008, before
March 3, 2008 when Amendment 706 became retroactive.  This
argument has been rejected by the Court of Appeals for the Third
Circuit.  Wise, 2008 WL 361089, at *9 n.11.  The Court had no
authority to grant any motion based on Amendment 706 before March
3, 2008.

of Def.'s Mot. for Reduction of Sentence 17, January 31, 2008.

As the Third Circuit recently pointed out, this argument "fundamentally misunderstands the limits of <u>Booker</u>. Nothing in that decision purported to obviate the congressional directive on whether a sentence could be reduced based on subsequent changes in the Guidelines." <u>Wise</u>, 2008 WL 361089, at *9 n.11. "'[T]he language of the applicable sections could not be clearer: the statute directs the Court to the policy statement, and the policy statement provides that an amendment not listed in subsection (c) may not be applied retroactively.'" <u>Id.</u> (quoting <u>United States v. Thompson</u>, 70 F.3d 279, 281 (3d Cir. 1995)). The Guidelines themselves are advisory but Congress's directive that sentences are final unless reduction would be consistent with Guidelines policy statements remains mandatory. Moreover, the Court may not, consistent with § 3582, reduce Rivera's sentence when the Guideline range applicable to him has not been reduced.

D.   Even if the Court had the Authority to Reduce
     Rivera's Sentence, It Would Decline to Do So

Even if this Court had the authority to reduce Rivera's sentence, it would exercise its discretion against such a reduction. Rivera requests the Court to calculate a sentencing range by ignoring the career offender provision and applying the new provisions of § 2D1.1. Such a calculation provides a total

-10-

offense level of 23, a criminal history category of VI, and a sentencing range of 92 to 115 months.  A sentence within in this range is inappropriate because it significantly underrepresents Rivera's status as a career offender.  Moreover, it creates a risk of unwarranted disparities between Rivera and other similarly situated offenders who are sentenced under the career offender provision.  Even if Rivera were correct that his original sentence of 262 months was longer than necessary to meet the goals of § 3553(a), his sentence was already reduced to 156 months in 1998.  No further reduction is warranted.


III. CONCLUSION

        For the reasons set forth above, the motion for a reduction in sentence will be denied.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,        :        CRIMINAL ACTION
                                 :        No. 97-0026
        v.                       :
                                 :
EDWARD RIVERA                    :
                                 :


## ORDER

**AND NOW**, this **3rd** day of **March 2008,** it is hereby **ORDERED** that, for the reasons set forth in the accompanying memorandum, the motion for reduction of sentence pursuant to 18 U.S.C. § 3582c(2) (doc. no. 68) is hereby **DENIED.**

**AND IT IS SO ORDERED.**


_S/Eduardo C. Robreno_____
**EDUARDO C. ROBRENO, J.**